IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION



US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
FEB 1 6 2016
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

| | | |
|---|---|---|
| NANCY KNOWLES and<br>VICTORIA KNOWLES, | § § § | |
| Plaintiffs | § § | |
| vs. | § | Civil Action No. 16-4016 |
| JAMES ROBINSON, and<br>K & N MANAGEMENT, | § § § | JURY DEMANDED |
| Defendants | § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, NANCY KNOWLES and VICTORIA KNOWLES, Plaintiffs herein, by and through their attorney of record, Monty G. Murry, and for their cause of action against Defendants, JAMES ROBINSON and K & N MANAGEMENT, alleges as follows:

### I. JURISDICTION

The jurisdiction of this Court is invoked under 28 U. S. C. Section 1332.

### II. PARTIES

**A.   Plaintiffs**

1.   Plaintiff, NANCY KNOWLES, is an individual who is a citizen and resident of Texarkana, Arkansas, residing at 120 Marguerite Drive, Texarkana, Arkansas.

2.   Plaintiff, VICTORIA KNOWLES, is an individual who is a citizen and resident of Texarkana, Arkansas, residing at 120 Marguerite Drive, Texarkana, Arkansas.

**B.   Defendants**

1.   Defendant, JAMES ROBINSON, is an individual who is a citizen and resident of Texas and can be served with process at 2100 Mockingbird Drive, Round Rock, Texas, 78681.

2.     Defendant, K & N MANAGEMENT, is a business organization with its principal place of business in Austin, Texas, and can be served by serving its director/president, Kenyon Schiller, at 11570 Research Blvd, Austin, Texas, 78759.

### III. FACTS

A.     Plaintiffs bring this suit to recover for personal injuries sustained as a result of an automobile collision which occurred on or about May 6, 2013, in Miller County, Arkansas.

B.     At the time and on the occasion in question, Plaintiff, Nancy Knowles, was the driver of a vehicle traveling Eastbound on I-30 in the outside traffic lane and had begun slowing down to exit to the right. Plaintiff, Victoria Knowles, was a passenger in the vehicle.  Defendant, James Robinson, was also headed Eastbound on I-30 in the outside traffic lane behind Plaintiffs, and traveling at an excessive rate of speed, when suddenly and without warning he struck the rear of Plaintiffs' vehicle.

### IV. NEGLIGENCE

A.     On the occasion in question, Defendant, James Robinson, was guilty of negligence, which was a proximate cause of the injuries and damages sustained by Plaintiffs.  In addition, Defendant, James Robinson, was guilty of the following acts, all of which constituted negligence:

   1.   In failing to yield the right of way;
   2.   In following too closely; and
   3.   In driving in a careless and prohibitive manner.

Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

B.     On the occasion in question, Defendant, James Robinson, was driving a vehicle owned by

Defendant, K & N Management, and acting in the course and scope of his employment and/or agency with K & N Mangement. K & N Management is therefore guilty of negligence under the theory of Respondeat Superior. In the alternative, K & N Management is guilty of negligent entrustment as such is defined under Arkansas law.

## V. **INJURIES AND DAMAGES**

A.      As a direct and proximate result of defendants' negligence, Plaintiffs have suffered serious and permanent, disabling and disfiguring injuries. In addition, Plaintiffs have suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future.  As a result of the injuries sustained, Plaintiffs have incurred reasonable and customary doctor's and medical expenses for necessary medical treatment and there is a reasonable probability that they will incur additional reasonable expenses for necessary medical care and attention in the future.

B.      As a direct and proximate result of defendants' negligence, Plaintiffs have further sustained a loss of earnings and earning capacity in the past and will, in all likelihood, continue to suffer a loss of earnings and earning capacity in the future.

## VI. **AMOUNT OF DAMAGES**

By reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the minimum limits of diversity jurisdiction.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and  that they be awarded damages against Defendants in excess of the minimum jurisdictional limits of this Court, interest as allowed by law, costs of suit, and any other relief, whether general or special, at law or in equity, to which Plaintiffs may show

themselves justly entitled.

                              Respectfully submitted,

                              _____
                              Monty G. Murry   TSB#14739350
                              3918 Texas Boulevard
                              Texarkana, Texas  75501
                              Telephone:  (903) 823-3000
                              Telecopier: (903) 823-3002
                              mgmurry@murrylaw.com

                              **ATTORNEY FOR PLAINTIFFS**